MAXWELL, J.,
for the Court:
¶ 1. Larry Simmons appeals his manslaughter conviction. He argues the State failed to prove beyond, a reasonable doubt that he did not act in necessary self-de *46 fense when he shot and killed his wife’s boyfriend. We find the evidence was sufficient to support every element of manslaughter and does not weigh heavily against the guilty verdict. We therefore affirm.
BACKGROUND FACTS
¶2. Simmons, Scotty Young, and Simmons’s wife, Dionne Morris, worked together at the United States Postal Service in Greenville, Mississippi. Simmons’s wife testified she began having an affair with Young in 2005. Simmons suspected Young and Morris had been philandering. And Simmons and Young began arguing at work, requiring the USPS to intervene and forbid all three of them from having any contact while at work. In February 2008, Simmons moved out of the house he had shared with Morris, their daughter, and Morris’s son.
¶ 3. On May 10, 2008, Simmons confronted Morris about her relationship with Young. He blocked her mail truck so she could not drive away and grabbed her cell phone off her hip to see whom she had been calling. That same day, Simmons called Young’s girlfriend, Cynita West, at the beauty shop where she worked and told her the affair was still ongoing. Simmons testified that he told West “to get her black dress ready” because “if [he] caught them together, that [he] was going to do something to [Young].”
¶4. The next day, May 11, 2008, Simmons put his rifle in his car and went to Morris’s house. Morris refused to open the door. Before Simmons left, Young showed up. The two men got into a physical altercation. Morris and her two children testified that, after the fight broke up, Simmons went to his car, grabbed his rifle, and shot Young, who was at a distance. And Simmons continued shooting while Young was fleeing inside Morris’s home. But Simmons testified they were still fighting when he reached into his car for his rifle and fired as Young was coming at him.
¶ 5. Simmons was charged with murdering Young. . The jury was instructed on both murder and the lesser-included crime of manslaughter. The jury was also instructed on Simmons’s theory of necessary self-defense. The jury found Simmons not guilty of murder but guilty of manslaugh-tér. After an unsuccessful post-trial motion, Simmons timely appealed.
DISCUSSION
¶ 6. Simmons argues his manslaughter conviction should be reversed and rendered because there was not sufficient evidence to support it. Alternatively, he argues he is entitled to a new trial because the jury’s verdict is contrary to the overwhelming weight of the evidence.
I. Sufficiency of the Evidence
¶ 7. “[I]n considering whether the evidence is sufficient to sustain a conviction,” we ask “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Bush v. State, 895 So.2d 886, 843 (¶ 16) (Miss.2005) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 8. Manslaughter is “[t]he killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense[.]” Miss.Code. Ann. § 97-3-35 (Rev. 2006). Simmons argues a reasonable juror could not have found beyond a reasonable doubt that Simmons was not acting in necessary self-defense. *47 See Harris v. State, 937 So.2d 474, 481 (¶ 23) (Miss.Ct.App.2006) (“When self-defense is raised, the State bears the burden of proving beyond a reasonable doubt that the defendant was not acting in necessary self-defense.” (citing Heidel v. State, 587 So.2d 835, 843 (Miss.1991))).
¶ 9. The jury was properly instructed on necessary self-defense, tracking the definition in Mississippi Code Annotated section 97—3—15(l)(f) (Rev. 2006):
The killing of a human being ... shall be justifiable ... [w]hen committed in the lawful defense of one’s own person or any other human being, where there shall be reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished!)]
Simmons argues the evidence proved he reasonably apprehended Young would injure him because: (1) Young had a history of confrontational and violent behavior; (2) Young was a much larger man and in better physical shape than Simmons; and (3)Young was the aggressor in their fight outside Morris’s house the morning he was killed. But the jury also heard testimony that the fight had ended when Simmons went to his car. And instead of driving away, Simmons drew his rifle down on Young and shot him at a distance. Though Simmons’s account of the shooting differed, it was the jury’s duty to resolve the conflicts in the testimony. Langston v. State, 791 So.2d 273, 280 (¶ 14) (Miss.Ct.App.2001) (citing Groseclose v. State, 440 So.2d 297, 300 (Miss.1983)).
¶ 10. Viewing the evidence in the light most favorable to the State, we find a rational juror could have found that Simmons was not in imminent danger when he shot Young and, thus, was not acting in necessary self-defense. See Miss.Code.Ann. § 97-3-15(1)(f). Therefore, we find the evidence was sufficient to sustain the manslaughter conviction.
II. Weight of the Evidence
¶ 11. “[T]he power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.” Bush, 895 So.2d at 844 (¶ 18) (quoting Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947 (¶ 18) (Miss.2000)). When considering an objection to the weight of the evidence, we view the evidence in the light most favorable to the verdict and “will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Id. (citation omitted).
¶ 12. Simmons alternatively argues the evidence preponderates heavily against a finding Simmons was not acting in necessary self-defense. But Morris and her two children contradicted Simmons’s testimony that Young was coming toward him when he shot Young. The three testified the fight was over when Simmons went to his car, retrieved his rifle, and shot Young from a distance. There was also evidence Simmons told West “to get her black dress ready” because, if he caught Morris and Young together, he “was going to do something to [Young].” Viewing the evidence in the light most favorable to the verdict, we cannot say the evidence weighs heavily against the jury finding Simmons guilty of manslaughter.
¶ 13. For these reasons, we affirm the judgment of conviction of manslaughter.
¶ 14. THE JUDGMENT OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS, *48 WITH NINE YEARS TO SERVE AND SIX YEARS SUSPENDED ON CONDITION THAT DEFENDANT COMPLETES FIVE YEARS’ UNSUPERVISED PROBATION, AND TO PAY $500 TO THE CRIME VICTIMS’ COMPENSATION FUND, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR.